IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARY MILLER and WESTERN NATIONAL
TRUST COMPANY, Co-Personal Representative
of the Estate of DON PETER MILLER, Deceased,
and JANE MILLER,

                Plaintiffs,             OPINION & ORDER

   v.

                                            12-cv-516-jdp

AMERICAN ART CLAY CO., INC., METROPOLITAN
LIFE INSURANCE COMPANY and RT VANDERBILT
COMPANY, INC., n/k/a VANDERBILT
MINERALS, LLC.,

                Defendants.

---

     Plaintiffs move for reconsideration of the court's grant of summary judgment to defendants American Art Clay Co., Inc. (AMACO), and R. T. Vanderbilt Co., Inc. Plaintiffs request that the court now consider some late evidence, specifically the June 17, 2014 deposition testimony of William Berry, president of AMACO. The motion is denied.

     Plaintiffs have all along had Berry's deposition testimony taken in 2008 in another litigation. Dkt. 139. But plaintiffs have twice before attempted to get an additional Berry deposition into the record. First, on May 27, 2014, after defendants' summary judgment motions were fully briefed, plaintiffs asked the court to defer ruling on the motions for summary judgment so that plaintiffs could supplement the record with Berry's new deposition, which at that point had not yet been taken. Dkt. 147. The court denied that motion because the plaintiffs had waited too long to take Berry's deposition. Dkt. 148. As the court indicated at the time, the court would not forestall consideration of a fully briefed motion for summary judgment to allow the plaintiffs a further opportunity to develop the record. Plaintiffs' second attempt came on June 20, 2014, after the court had completed the summary judgment decision,

but before the decision was issued, when plaintiffs filed another motion seeking to supplement the record with Berry's new deposition. Dkt. 156. The court denied that motion for the same reasons given in the May 28, 2014 order. Dkt. 158.

Now plaintiffs take a third shot at getting Berry's new deposition into the record, this time attempting to shift the blame to AMACO for the timing of Berry's deposition. The explanation falls flat for two reasons. First, plaintiffs requested Berry's deposition only on February 28, 2014, already on the eve of the summary judgment deadline. The deposition of the president of a defendant company is not something that one can expect to arrange overnight. As the scheduling order in this case provides:

> Parties are to undertake discovery in a manner that allows them to make or respond to dispositive motions within the scheduled deadlines. The fact that the general discovery deadline cutoff, set forth below, occurs after the deadlines for filing and briefing dispositive motions is not a ground for requesting an extension of the motion and briefing deadlines.

Dkt. 31, at 3. Plaintiffs filed the case on July 19, 2012, and counsel offers no explanation for waiting two years to ask for Berry's deposition, if it were critical to their case. They may have thought that the 2008 Berry deposition was sufficient. That was an understandable tactical choice, but their later decision to change tactics does not justify re-opening the summary judgment record.

The second reason plaintiffs cannot blame to AMACO for the scheduling of Berry's deposition is that plaintiffs did not seek relief from the court while they were trying to get Berry's deposition. If they believed that AMACO or Berry were stonewalling to forestall his deposition, they should have sought relief from the court immediately. As the scheduling order provides:

> This court also expects the parties to file discovery motions promptly if self-help fails. Parties who fail to do so may not seek to change the schedule on the ground that discovery proceeded too slowly to meet the deadlines set in this order.

Dkt. 31, at 4. The timing of Berry's deposition was not AMACO's fault, it was the result of plaintiffs' choices. The court will not redo its summary judgment decision because plaintiffs did not take Berry's deposition in time to get it into the summary judgment record.

Even if the court were to consider Berry's testimony, plaintiffs have not given the court a sufficient reason to change its ruling on defendants' motions for summary judgment. Plaintiffs' motion shows that Berry did not know whether Miller did porcelain work, but Berry's ignorance of Miller's work does nothing diminish the possibility that Miller might have used white porcelain clays, such as Porcelain Clay No. 65 or White Throwing Porcelain No. 68. Berry testified that—by very rough approximation—about 50% of the white clay sold by AMACO was White Clay No. 25. The plaintiffs argue that they have enough evidence to get to a jury so long as any other AMACO white clay is eliminated as a possibility. Because the court ruled out Buff Firing Clay No. 46 and Raku Firing Clay No. 45, plaintiffs contend that, in light of Berry's new testimony, it is more likely than not that Miller used White Clay No. 25. But sales of Buff Firing Clay No. 46 and Raku Firing Clay No. 45 were much less than White Clay No. 25. Without more precise information on the sales of the varieties of AMACO clay, we are still roughly at 50/50 as to whether Miller used White Clay No. 25. Plaintiffs cite no authority to suggest that a reasonable jury verdict could be sustained on such imprecise evidence of the defendants' sales of alternative products.

The court stands by its earlier rulings, under which Berry's June 17, 2014 deposition testimony is excluded as an untimely supplementation of the summary judgment record. Plaintiffs' motion for reconsideration is DENIED.

Entered this 30th day of June, 2014.

                              BY THE COURT:

                              /s/

                              JAMES D. PETERSON
                              District Judge